UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Charles Randall Sorensen, | File No. 20-cv-2389 (ECT/KMM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Edward H. Bastian, CEO for Delta Airlines; and Delta F-Care Retirement, Trust, | |
| Defendants. | |

---

Charles Randall Sorensen, *pro se*.

William D. Hittler, Nilan Johnson Lewis PA, Minneapolis, MN; and John Timothy McDonald, Thompson Hine LLP, Atlanta, GA, for Defendants Edward H. Bastian and Delta F-Care Retirement, Trust.

_____

Charles Randall Sorensen believes that Defendants Edward Bastian—the CEO of Delta Airlines—and the Delta F-Care Retirement Trust are stealing money from his retirement account. Defendants have moved to dismiss the operative complaint for failure to state a claim. After that motion was already pending, Sorensen filed a motion for a default judgment and a motion to order the Internal Revenue Service ("IRS") to return property it seized from his home.

Defendants' motion to dismiss will be granted because Sorensen has alleged no plausible basis for relief. That conclusion dooms Sorensen's motion for a default judgment and makes his other motion moot. The action will be dismissed without prejudice.

I[1]

Sorensen is a Minnesota resident and a beneficiary of the "Delta F-Care Retirement" Trust, an entity that "creates a retirement benefit" for employees of Delta Airlines. Am. Compl. ¶¶ 17, 19 [ECF No. 5]. In November 2017, a non-Party IRS officer named Bart Brellenthin sent a fax to the Trust containing a Notice of Levy on Wages, Salary, and Other Income. *Id.* ¶ 44; *see* Hittler Decl., Ex. A [ECF No. 10-1].[2] According to the Notice, Sorensen owed over $275,000 in unpaid taxes, and a levy required the Trust to turn over any of Sorensen's non-exempt wages, salary, or other income in its possession. Hittler, Decl., Ex. A. Starting in November 2017 and every month since, the Trust has apparently paid over some portion of Sorensen's retirement funds. Am. Compl. ¶ 46.

Sorensen alleges that the levy notice was "fraudulent" and "void by construction of law." *Id.* ¶¶ 44–45. He sent a letter to Bastian, the CEO of Delta Airlines, "requesting a copy of [the Trust's] authority for transferring [Sorensen's] retirement funds" to

---

[1] In accordance with the standards governing a motion under Rule 12(b)(6), and unless otherwise noted, the facts are drawn entirely from Sorensen's Amended Complaint. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

[2] Although Sorensen refers to Brellenthin as a "private debt collector" in the Amended Complaint, Am. Compl. ¶ 44, the Notice itself shows that Brellenthin is an IRS officer. Sorensen acknowledges in his brief that Brellenthin works for the IRS and does not question the authenticity of the Notice attached to Defendants' motion (though, as discussed below, he believes the Notice is deficient for other reasons). *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss at 5 [ECF No. 28]. It is therefore appropriate to consider the Notice—the contents of which are alleged in the Amended Complaint—without converting Defendants' motion into one for summary judgment. *See Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016); *see also Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1110 (D. Minn. 2011) (explaining that a court does not need to accept the truth of an allegation when a document embraced by the pleadings directly contradicts that allegation).

Brellenthin, but Bastian never responded. *Id.* ¶ 47. Sorensen accordingly believes that no such authority exists and that Bastian and the Trust have been conspiring to "steal[] [his] retirement funds each and every month." *Id.* ¶ 46.

Eventually, on November 25, 2020, Sorensen filed the Complaint in this case against Bastian and the Trust. ECF No. 1. On December 3, before either Defendant had appeared, Sorensen filed the now-operative Amended Complaint. ECF No. 5. He asserts claims based on violations of two federal criminal statutes. Am. Compl. ¶¶ 49–101; *see* 18 U.S.C. §§ 241 (prohibiting certain conspiracies to inhibit the free exercise of federally guaranteed rights), 664 (prohibiting theft or embezzlement from employee welfare or pension benefit plans). For relief, he seeks compensatory and punitive damages, injunctive relief, attorneys' fees, and costs. *Id.* ¶¶ 102–11. Defendants have moved to dismiss the Amended Complaint for failure to state a claim. ECF No. 6; *see* Fed. R. Civ. P. 12(b)(6).

Meanwhile, Sorensen has filed two motions of his own. The first, which Sorensen calls a "Motion for Court Order," seeks an order directing the IRS criminal investigation unit to return items that it seized from his home. ECF Nos. 12, 13. In the second motion, Sorensen seeks an entry of default and default judgment, arguing that Defendants never timely responded to his lawsuit. ECF No. 30.

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). Although the factual allegations need not be detailed, they must be

3

sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants raise two arguments to support their motion: (1) that Sorensen lacks standing to enforce the criminal statutes that he invokes; and (2) that even if the criminal statutes provided Sorensen with a cause of action, he has not plausibly alleged that Defendants violated those statutes. Defs.' Mem. in Supp. of Mot. to Dismiss at 4–5 [ECF No. 9]. Sorensen responds that he has properly invoked criminal statutes to assert civil claims and that he has provided sufficient factual allegations to support his claims. Pl.'s Mem. in Opp'n to Mot. to Dismiss at 9–13.

Start with the availability of a cause of action. The two statutes on which Sorensen bases his claims, 18 U.S.C. §§ 241 and 664, create criminal prohibitions and provide for criminal penalties. Neither statute explicitly allows private parties to bring a civil action for violations. Absent that type of statutory authorization, courts "rarely" interpret criminal statutes to allow private rights of action. *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003); *see Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060–61 (D. Minn. 2009). Indeed, courts have addressed the availability of a private right of action in the context of the specific statutes Sorensen invokes. "Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue

criminal charges." *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (collecting cases); *see also Gardner v. Wise*, No. 19-cv-706 (JRT/DTS), 2019 WL 3371139, at *5 n.1 (D. Minn. July 26, 2019). The same is true for § 664. *See, e.g.*, *Jones v. Gen. Elec. Co.*, Civ. Action No. ELH-19-196, 2019 WL 6918490, at *8–10 (D. Md. Dec. 19, 2019); *Jones v. Chevron Phillips Chem. Co. LP Health & Welfare Tr.*, No. A-14-CV-0761-DAE, 2014 WL 7236398, at *3 (W.D. Tex. Dec. 17, 2014); *Lee v. Butts*, No. 11 Civ. 2358(LBS)(AJP), 2012 WL 3115006, at *3–4 (S.D.N.Y. Aug. 1, 2012). In short, the civil claims that Sorensen most directly asserts do not exist and therefore can provide no basis for relief.

Although the Parties do not address the question, it may also be possible to read the Amended Complaint to assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which provides a civil action for persons "injured in [their] business or property" by an "enterprise" engaging in a "pattern of racketeering activity." 18 U.S.C. §§ 1962(c), 1964(c). When construing a pro se complaint, the question is merely whether "the essence of [the] allegation is discernible." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). If it is, then the claim should be "considered within the proper legal framework" even if it is "not pleaded with legal nicety." *Id.* A RICO claim is arguably "discernible" here because the Amended Complaint repeatedly uses terms that either appear in RICO's statutory text or are otherwise associated with the statute, such as "enterprise, "pattern[]," "association[]-in-fact[]," "ascertainable structure," and "continuity of structure and personnel." Am. Compl. ¶¶ 20–28; *see also* 18 U.S.C. §§ 1961(4), 1962(c); *Boyle v. United States*, 556 U.S. 938, 945–47 (2009) (describing the requirements of an "association-in-fact enterprise" under RICO). By contrast, these terms do not appear

5

in the provisions that Sorensen cites. *See generally* 18 U.S.C. §§ 241, 664. On the other hand, a court liberally construing a pro se complaint should not simply "add claims that were not originally [pleaded]." *Kakaygeesick v. Salazar*, 656 F. Supp. 2d 964, 975 (D. Minn. 2009). Sorensen never cites RICO or otherwise makes explicit his intent to assert a RICO claim. It is understandable, then, that Defendants do not address RICO in their briefs.

It ultimately does not matter whether Sorensen has effectively raised a RICO claim, however, because he has not alleged facts to support it. *See Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (explaining that even pro se complaints must "allege sufficient facts to support the claims advanced"). To state a plausible RICO claim, Sorensen must allege, among other things, a "pattern of racketeering activity." 18 U.S.C. § 1962(c); *see Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009). The statute defines "racketeering activity" to include, as relevant here, conduct prohibited by a long list of criminal statutes. 18 U.S.C. § 1961(1). One of the statutes that Sorensen invokes, § 664, is on the list, but the other, § 241, is not. *See id.* § 1961(1). Any RICO claim would therefore require Sorensen to plausibly allege that Defendants violated § 664.

Section 664 makes it a crime to "embezzle[], steal[], or unlawfully and willfully abstract[] or convert[] to [one's] own use" assets of "any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith[.]" 18 U.S.C. § 664. Sorensen seems to allege that Defendants have stolen monthly deductions from his retirement account because the Notice of Levy that the IRS sent to the Trust was "fraudulent" and "void by construction of law." Am. Compl. ¶¶ 44–46. First, these

6

conclusory statements are not entitled to a presumption of truth, *see Iqbal*, 556 U.S. at 678–79, and the Amended Complaint does not contain any factual allegations to support them. Sorensen does not claim that anything in the notice was false or that the IRS sent it intending to deceive the recipients.[3]  Second, the IRS is not a Party to this case, and Sorensen includes no nonconclusory allegations that Bastian and the Trust had anything to do with sending the notice or misappropriating his funds.  In short, the Amended Complaint contains only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are not enough to state a claim.  *Iqbal*, 556 U.S. at 678.

That leaves the question whether to dismiss the action with or without prejudice—a question the Parties dispute.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss at 5; Pl.'s Mem. in Opp'n to Mot. to Dismiss at 13.  "Federal courts have disagreed to some extent over whether a dismissal under Rule 12(b)(6) is normally one with prejudice or without prejudice," but "courts ultimately have discretion to decide between" the two.  *Miles v. Simmons Univ.*, __ F. Supp. 3d __, No. 20-cv-2333 (ECT/KMM), 2021 WL 195798, at *7 (D. Minn. Jan. 20, 2021) (internal quotation marks and citations omitted).  Dismissal with prejudice is most warranted when a plaintiff has shown "persistent pleading failures," *Milliman v. Cnty. of Stearns*, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013), or when any amendment would be futile, *see Paisley Park Enters.*

---

[3]  Sorensen suggests that the IRS sent the Notice of Levy to the wrong place and that the notice is void for that reason, Am. Compl. ¶¶ 44–45, but he relies on a statute that imposes notice requirements that must be met before a federal tax lien is "valid as against [a] purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor[.]" 26 U.S.C. § 6323(a).  That statute does not seem to apply here.

*v. Boxill*, 361 F. Supp. 3d 869, 880 n.7 (D. Minn. 2019).  A without-prejudice dismissal, on the other hand, is appropriate when a plaintiff's claims "might conceivably be repleaded with success."  *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *5 (D. Minn. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2142499 (D. Minn. May 16, 2019).  At least one court in this District has said that a pro se plaintiff's claim should be dismissed without prejudice "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Scheffler v. First Nat'l of Neb., Inc.*, No. 19-cv-1751 (MJD/LIB), 2020 WL 555452, at *1 n.2 (D. Minn. Jan. 3, 2020) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2020 WL 553485 (Feb. 4, 2020).

    Although this case is somewhat close to the line, dismissal without prejudice is the better option.  This is the first time that the Parties have litigated the sufficiency of Sorensen's pleadings in this case, so it is not yet fair to say that he has exhibited "persistent pleading failures."  *Milliman*, 2013 WL 5426049, at *16.  And Sorensen's pro se status weighs in favor of giving him the benefit of the doubt.  To be sure, the claims that Sorensen has most explicitly raised—direct civil claims under 18 U.S.C. §§ 241 and 664—do not exist, so those claims could not be repleaded with success.  Moreover, to the extent Sorensen intended to raise a RICO claim, the Amended Complaint is devoid of facts to support it.  It is difficult to envision on this record how Sorensen could cure the deficiencies in the Amended Complaint.  Nonetheless, given the ambiguity over what claims Sorensen meant to raise and the general lack of factual development, it is not "absolutely clear" that an amendment would be futile.  *Scheffler*, 2020 WL 555452, at *1 n.2 (citation omitted).

Should Sorensen decide to pursue his claims again in the future, however, he is warned that further pleading deficiencies could lead to a dismissal with prejudice.

III

The resolution of Defendants' motion to dismiss leaves little to say about Sorensen's motions. First, Sorensen's motion for a default judgment will be denied. Although the record seems to show that Defendants filed a timely response to the Amended Complaint and thus were not in default, it is unnecessary to decide that issue. Regardless of the timeliness of Defendants' response, default judgment would be inappropriate because the allegations in the Amended Complaint are "insufficient to state a claim for relief." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 718 (8th Cir. 2019).[4] Second, because this action will be dismissed, Sorensen's motion for an order directing the IRS criminal investigation unit to return his property will be denied as moot.

---

[4] Defendants argue in the alternative that a decision to grant their motion to dismiss would render Sorensen's motion for a default judgment moot. *See* Defs.' Mem. in Opp'n to Mot. for Default J. at 1, 4 [ECF No. 33]. There is some authority for this approach. *See, e.g.*, *Smith v. Ghana Com. Bank, Ltd.*, No. 10-cv-4655 (DWF/JJK), 2012 WL 2930462, at *13 (D. Minn. June 18, 2012), *report and recommendation adopted*, 2012 WL 2923543 (D. Minn. July 18, 2012). But the Eighth Circuit in *Glick* addressed and affirmed the district court's denial of a motion for entry of default after already concluding that the district court had properly dismissed the case. *See Glick*, 944 F.3d at 717–18. The court never suggested that its affirmance of the dismissal order mooted the plaintiff's appeal with respect to the default motion. For that reason, the better option seems to be to deny Sorensen's motion for a default judgment on the merits.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss [ECF No. 6] is **GRANTED**;

2. Plaintiff's Motion for Default Judgment [ECF No. 30] is **DENIED**;

3. Plaintiff's Motion for Court Order [ECF No. 12] is **DENIED AS MOOT**;

4. This action is **DISMISSED WITHOUT PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 22, 2021                s/ Eric C. Tostrud
                                     Eric C. Tostrud
                                     United States District Court